By the Court.

On the evidence produced in the trial of this action, the jury were directed that they might lawfully presume that the administrators had in fact published the advertisements, and taken the oath required by statute previous to the sale. The length of time after the sale, before the legality of it was questioned; the acquiescence of all the heirs, except the demandant; the evidence of the publicity, .and of the fairness of the sale; together with the license to sell, which was produced, are strong circumstances to show that all the proceedings were regular and duly authorized. And when it is further considered that, at the time of the sale, the statute of 1788, c. 66, prescribing the manner of perpetuating the evidences of sales of this nature, had not passed; that the transaction took place more than twenty years since; and that the probate records are now incomplete; the Court are satisfied that the judge’s direction to the jury was correct, and that the jury made a fair and legal presumption. And as, before that statute, there was no mode established for perpetuating the evidence of sales of land under a license of Court, if presumptions, under these circumstances, are not to be allowed, the -title to man) estates, holden under sales by license, will be shaken, if not defeated. And these presumptions are not strange, than the common case in the English books of presuming a grant after twenty years undisturbed possession (1).

Judgment according to the verdict.

 [Knox & Al. vs. Jenks, 7 Mass. 488.—Colman & Al. vs. Anderson, 10 Mass 405. —Perkins vs. Fairfield,, 11 Mass. 227.—Blossom vs. Cannon, 14 Mass. 177.—Pejepscot Proprietors vs Ransom, 14 Mass. 145.—Without regard to the lapse of time, was it not to have been presumed, after proof of the authority to sell, and the conveyance conformably thereto, that every thing required by law, had been legally done, until the contrary had been proved ? Omnia presumuntur rite et legitime esse acta donee in contranam probetur.—Matthews, Pres. Ev. 25—37.—Ed.]
*354 [Note. The demandant counted on the seisin of his ancestor within fifty years and on a disseisin done to h.m by Sylvanus Hussey, within that time. The genera, issue, nul disseisin, was pleade 1 and joined. On the evidence it appeared that the demandant’s ancestor died seised, that the lands descended to the demandant, and to his brothers and sisters, and that Hussey never entered until after the death of the ancestor. Upon this evidence, ought not the jury to have found that Hussey did not disseise the ancestor ? But the point was not saved at the trial, nor was it made a question to the Court.]