## LITTLE *vs.* PALISTER.

If a tenant at will makes a mortgage to a stranger in fee, the lessor may have trespass forthwith against the mortgagee. And it is no bar to such action, that the mortgagee has had judgment against the mortgagor, in a writ of entry upon his mortgage, and has been put into possession by the sheriff, under a writ of *habere facias.*

Recitals in ancient deeds are good presumptive evidence of pedigree, where no adverse title by inheritance has been set up under the same ancestor; even though the land conveyed by the deeds is itself the subject of controversy.

In this case, which was trespass *quare clausum fregit,* and was tried before the Chief Justice, upon the general issue ; the plaintiff derived his title from the heirs of *Hannah Fairweather* ; and for proof of their pedigree he relied on the recitals in certain deeds, made in the years 1779 and 1780, in which *Hannah Winthrop* and *Anne Mason* styled themselves her daughters, and conveyed their shares, being one third each; and in which *Samuel Fairweather* conveyed one third " derived to him by right of inher- " itance," but not saying from whom. This proof was objected to by the counsel for the defendant, but the Chief Justice admitted it as sufficient evidence for the jury to presume the relationship expressed in the deeds.

The defendant relied upon his possession of the lot, of which the *locus in quo* was a part, under a mortgage made to him by one *McKenney Feb.* 11, 1817, which had been sued and prosecuted to final judgment, and the writ of *habere facias* regularly served on the 28*th* day of *March* 1820 ; of which judgment the agent of the present plaintiff had notice. The defendant had continued in possession ever since the service of the *habere facias* ; and a part of the same lot was also possessed by a grantee of the plaintiff, to whom he had sold that part about eight years since. It appeared that *McKenney,* who mortgaged the lot to the present defendant, had originally entered on the land as tenant to the plaintiff, before the mortgage ; and had paid rent for it to the plaintiff; by whom he was furnished with part of the materials to build the house, which the defendant had torn down and carried

away. This defence the Chief Justice overruled ; instructing the jury that the plaintiff might maintain this action against the defendant, notwithstanding this possession of the land under the judgment against *McKenney* upon the mortgage. And a verdict was thereupon taken for the plaintiff, subject to the opinion of the court.

*N. Emery*, for the defendant, denied that the deeds were admissible as evidence in the cause, under the circumstances in which they were offered. The plaintiff should at least have shewn a previous search in town records, and diligent inquiry after better testimony. As the cause stood, he insisted that the evidence amounted to no more than the declarations of a party interested to prove his own title; and the rule is that such declarations cannot be received. The exceptions to the rule are in favor of recitals in deeds not relating to the property in dispute, family settlements, and family records, monumental and other inscriptions, where the parties could have no interest in their falsehood, and would not suffer them to exist, if not known to be true. But the present case not being within either of the exceptions, the evidence should have been excluded. *Jackson v. Cooley* 8 *Johns*. 128. *Clark v. Wait* 12 *Mass.* 439.

*Little*, for the plaintiff, said that the defendant, being a stranger, ought not to be admitted to impeach the evidence of pedigree on grounds merely formal, it appearing by the deeds that the plaintiff had title. And to shew that the evidence was properly admitted he cited *Peake's Evid.* ch. 1 sec. 12. *Jackson v. Cooley* 8 *Johns* 128. 1 *Phil. Evid.* 175. 2 *Str.* 1151. *Bull. N. P.* 233. 1 *Ves. Jr.* 143. *Higham v. Ridgway* 10 *East* 120. 11 *East* 505. *Cowp.* 594. *Douglass v. Sanderson* 2 *Dal.* 116. *Paxton v. Price* 1 *Yeates* 300.

To the other point, that the landlord may maintain trespass against the grantee of his tenant at will, he cited *Co. Lit.* 57 *b.* 62 *b.* 1 *Cruise's Dig.* 280. *Starr v. Jackson* 11 *Mass.* 519.

Little *v.* Palister.

Mellen C. J. at the ensuing *November* term, delivered the opinion of the court, as follows.

By the report of the judge, several objections, it appears, were made to his decisions and instructions; some of which have since been abandoned; and two only have been relied upon in the argument. One is that *Palister* recovered a judgment against one *McKenney* in *May* 1818 on a mortgage of the *locus in quo* made by him on the 11th of *February* 1817, that execution was duly issued on that judgment, and that in *March* 1820 he was, in virtue of that execution, regularly put into possession of the same. It further appeared that prior to the mortgage, *McKenney* entered upon the *locus in quo* as a tenant at will under the plaintiff; and the defendant's counsel has contended that on these facts the action is not maintainable. The answer to this objection we consider to be very plain. The plaintiff was no party to the judgment under which the defendant entered and took possession; it was *res inter alios acta. McKenney*, being a mere tenant at will under the plaintiff, his conveyance to the defendant was an act inconsistent with his tenure, and which determined his estate. The authorities cited by the plaintiff's counsel establish this principle. The defendant's entry, then, was *tortious*, and a trespass, for which the present action well lies.

The other objection is that the judge was incorrect, in his instructions to the jury, as to the evidence of pedigree. Those instructions were that " the recital in the deeds was suffi- " cient evidence for the jury to presume the relationship " as therein stated." The deeds referred to were executed more than forty five years ago. *H. Fairweather* was the proprietor of the lot in question. From the recitals in two of the deeds, it appears that *Hannah Winthrop* and *Anne Mason* were the daughters of *Hannah Fairweather*, named in the deeds; and though no such recital appears in the deed of *Samuel Fairweather*; yet it purports to convey the same proposition as the two other deeds, viz. one third of one eighth part; and he states his right to have been derived to him by inheritance. All these circumstances seem to have been proper for the consideration of the jury, as legitimate grounds on which they might presume that *Hannah*

*Fairweather*, mentioned in the deeds of *Hannah Winthrop* and *Anne Mason*, was the same person described on the proprietors' records under the name of *H. Fairweather* ; and that the persons describing themselves as her children, were so in fact, and that all the grantors belonged to the same family. It must be remembered that the evidence before mentioned was not delivered to the jury as positive proof of the pedigree, but only as evidence from which they might presume the relationship as stated. Facts proveable by existing records are not generally to be considered as subjects of presumption ; there is no need of presumption ; the record or a copy should be produced. The facts in the present case are not of that description, nor does the evidence resulting from the recitals necessarily suppose better proof in reserve. It is not liable to objection on that ground. It is a familiar principle that after the lapse of thirty years, the execution of a deed is presumed, and, so, need not be proved. The case of *Gray v. Gardner* 3 *Mass.* 399, and *Colman v. Anderson* 10 *Mass.* 105, shew that in ancient transactions numerous facts, important, and absolutely essential may and ought to be presumed; and when such facts are recited in a deed as having taken place, the ground of presumption is strengthed ; because the probability of their truth is thereby increased. It must be admitted by all, that in modern deeds, recitals by the grantor as to his own pedigree, or the derivation of his title, or the existence of it, cannot of themselves be considered, in a court of law, as proof of the facts recited, or a ground of presumption for a jury. A man must not be permitted in this manner to make evidence for himself. But after a long series of years, as in the present case, where no other persons appear ever to have claimed the land in question, as heirs of the original proprietor, and thus denied or rendered improbable the truth of the recital, and where the defendant has offered no proof tending to destroy or weaken the presumption ; in such cases a jury may be permitted to presume the pedigree, as stated in deeds of conveyance, unless facts control the presumption. See 1 *Phil. Ev.* 137, 138. A will by an ancestor is proof on an question of pedigree. *Doe v. Ld. Pembroke* 11 *East* 505. So recitals in family deeds, monu-

ments, inscriptions, engravings on rings, &c. 13 *Ves.* 144. *Cowp* 594. 10 *East.* 120. In the case of *Jackson v. Cooley* 8 *Johns.* 128, *Thompson J.* says, in delivering the opinion of the court —" the books furnish us with no definite or precise rule on the " subject; almost any circumstances which are calculated to show " a general reputation, and afford reasonable ground of belief, " are received as evidence of pedigree." See 1 *Phil. Ev.* 188 to 194; and the distinction between those cases where recitals and declarations were written or made after the commencement of a dispute in the family, respecting the fact to which such recitals or declarations refer; and those cases where no circumstances existed, to influence the mind, at the time of such recitals or declarations. It is true that in most, if not all the cases before mentioned, the recitals or declarations were written or made by persons other than those under whom the party claimed, who introduced the proof ; that is, by persons standing indifferent as to the title. In *Jackson v. Cooley* the power of attorney of the plaintiff's lessor, in which he appointed the witness to act for him as heir and devisee of the ancestor, who formerly owned the estate in question, was admitted as evidence of pedigree, to go to the jury with other evidence ; and this was a transaction of recent date. This last case nearly resembles the case at bar. In that the pedigree was stated in a power of attorney signed by the plaintiff's lessor ; in this it is stated in the deeds from the plaintiff's grantor; why was the power better proof of pedigree, for the consideration of the jury, in a recent transaction, than the deeds in the present case, of a very ancient transaction ? On the whole we think the instructions of the judge were correct, and there must be                              *Judgment on the verdict.*