## BATTLES *vs.* HOLLEY.

After the lapse of more than thirty years, the authority and qualification of an administrator were presumed, from the existence of an inventory, and a schedule of claims, in the Probate office, attested by his oath ; and a petition preferred by him to the Court of Common Pleas for license to sell the real estate of his intestate, with the original certificate of the Judge of Probate thereon, recognizing him as an administrator ;—the Probate records and files of that period appearing to have been loosely kept ; and no other vestige of his appointment being discoverable.

THIS was a writ of entry, in which the demandant claimed title by descent from his father and his brother, and counted against the tenant as entering under a demise from one *David Davis*, an abator.

At the trial before *Weston J.* the tenant made title under a sale from *Davis*, who assumed to act as administrator of the estate of *Joseph Battles*, deceased, the demandant's father ; under which sale possession had gone, till the commencement of this action. At the time of the decease of the intestate, and afterwards, till the county of *Kennebec* was erected in 1799, the lands, and the intestate's domicil, were within the county of *Lincoln.* The register of Probate for the latter county, being applied to for the regular evidence of the grant of the letters of administration, certified that upon examination he had found that the records and papers of that period had been loosely kept, and that he could find no copy nor record of any letter of administration on this estate to *Davis* ; nor any record or papers in relation thereto ; except an inventory, and a schedule of demands exhibited against the estate, signed and sworn to by *Davis.* The tenant also produced the original petition of said *Davis*

19

to the Court of Common Pleas, for license to sell the real estate of the deceased ; to which was attached the usual certificate of the Judge of Probate for the county of *Lincoln,* recognizing *Davis* as administrator of that estate ; upon which petition and certificate, license was granted as prayed for.

The counsel for the demandant denied the sufficiency of this evidence, to establish the authority of *Davis* to act as administrator ; but the Judge instructed the jury that the Courts of Probate and of Common Pleas having recognized him as administrator ; it being an ancient transaction ; and the files and records of the Probate office having at that period been imperfectly kept and preserved ; they would be justified in presuming the regularity of his appointment and qualification. And they returned a verdict for the tenant ; which was taken subject to the opinion of the court upon the correctness of those instructions.

*Emmons,* for the demandant, contended that to constitute a legal administration, a bond was indispensably necessary ; being required by the statute previous to the grant of letters of administration. It lies at the foundation of all the proceedings, constituting the basis of all the remedies for creditors and heirs. Had a bond been given in the present case, its existence might have been proved by those who signed as witnesses or sureties. *Williams v. Reed & tr.* 5 *Pick.* 480.

As to the letter of administration, its loss should not have been presumed ; for it was in the possession of the party, without whose affidavit of its loss, and of diligent but ineffectual search, no secondary proof or presumption ought to have been admitted.

*Allen* and *Sprague,* for the tenant, cited *Gray v. Gardiner,* 3 *Mass.* 399 ; *Colman v. Anderson,* 10 *Mass.* 113 ; *Stockbridge v. Stockbridge,* 12 *Mass.* 400 ; 14 *Mass.* 257 ; *Todd v. Rome,* 2 *Greenl.* 61 ; *Pejepscot Prop'rs v. Ransom,* 14 *Mass.* 145 ; *Blossom v. Cannon, ib.* 177 ; *Brewer v. Knapp,* 1 *Pick.* 337.

WESTON J. delivered the opinion of the Court.

The custody of the record and documents, by which the appointment and authority of *David Davis* the administrator is, in this case,

regularly to be proved, did not belong to the tenant, or those under whom he claims; nor is he or they responsible for their safe keeping. It is an ancient transaction; and possession has gone according to the claim of the tenant. It appears that the papers and records of the Court of Probate of that period in the county of *Lincoln,* which was the proper jurisdiction, are in a very loose and disordered state, and that no paper or record in relation to this estate, can now be found, except an inventory, and also a schedule of demands against the estate, signed and sworn to by the said *David Davis.* But it is in evidence that the Judge of Probate of *Lincoln,* at that time, recognized *Davis* as administrator of the estate, and that he made the usual certificate, upon the petition of *Davis* as administrator, to the court of Common Pleas, praying for license to sell the real estate of his intestate. It further appears that the Common Pleas were satisfied of his authority, and granted the license prayed for. The tenant having furnished all the evidence in his power to adduce upon this point, and no objection being made to its competency, we entertain no doubt that the jury were well justified in presuming from it, that the administrator was duly appointed and qualified. Indeed it is not easy to perceive how they could have drawn any other conclusion.

The authorities, cited for the tenant, present cases in which presumptions similar in principle have been held to be warranted and sustained. Public documents may be lost or destroyed by inevitable accident, or by the negligence of those, who are charged with their custody; but rights depending on them, long enjoyed, are not therefore to be defeated. Every fair presumption arising from such enjoyment, and other existing evidence, may and ought to be deduced, by which such rights may be upheld. A failure of proof in a recent transaction, is not entitled to the same indulgence. It warrants rather the inference that what is not proved never existed. Of this character was the case of *Williams v. Reed & tr.* 5 *Pick.* 480, cited in the argument. There the presumption justly arising from the facts which did appear, was clearly against the validity of the sale, upon which the trustee relied for his discharge.

*Judgment on the verdict.*