1837.

Putnam
v.
Ritchie.

---

## PUTNAM vs. RITCHIE and others.

The solicitor, upon the taxation of his costs as against the adverse party, can only charge for one abbreviation of the pleadings for the use of counsel, although different counsel are employed in different stages of the suit.

One fair copy of each pleading drawn by the solicitor, to be retained by him for the purpose of reference during the progress of the suit, is taxable against the adverse party, if actually made.

Upon the service of an injunction, it is a proper precaution to obtain and preserve the authentic evidence of such service; an affidavit of serving the injunction is therefore taxable, if actually made. But affidavits of the service of papers upon the solicitor of the adverse party, where evidence of the service is not usually required and will not probably be wanted in

the subsequent proceedings in the cause, are not taxable unless such affidavits actually become necessary in the progress of the suit.

A fee for the attendance of the solicitor upon the argument of the cause is only allowed for his attendance when the cause is actually heard; but not for an attendance prepared for a hearing merely.

1837.

Putnam
v.
Ritchie.

THIS was an application for the retaxation of costs. The complainant's solicitor had charged, and the taxing officer had allowed, for abbreviating the pleadings for counsel on a motion to dissolve the injunction, and also for an abbreviation for counsel upon the hearing of the cause; the counsel who argued the cause on the motion not being the same who argued the cause upon the hearing. The taxing officer had also allowed for full copies of the pleadings for the use of counsel at the hearings, and thirty dollars to the solicitor for attending the court six terms when the cause was not heard. He had also allowed for the affidavits of the service of the injunction, and of notice of the examination of witnesses, &c.; which affidavits were actually made, but nothing occurred in the progress of the cause to render the use of such affidavits necessary.

*W. L. F. Warren*, for the complainant.

*Judiah Ellsworth*, for the defendants.

THE CHANCELLOR. The allowance for full copies of the pleadings for the use of counsel upon the hearing was in direct conflict with the decision in the case of *De Caters* v. *LaFarge*, (2 *Paige's Rep.* 411;) which decision must have escaped the recollection of the taxing officer, or this item would have been disallowed by him. Only one abbreviation of the pleadings for the use of counsel was taxable as against the adverse party, although different counsel were employed in different stages of the suit. The fee bill and the practice of the court allows the solicitor to charge for one abbreviation of each pleading in the cause, for the use of counsel, if such abbreviation is actually made. And he may also charge for one fair copy of all pleadings drawn by him, if actually made, to retain. These, with the copies

October 17.

of the pleadings served upon him by the adverse party, are all that are usually wanted for himself or the counsel associated with him, in the subsequent proceedings in the cause before the same tribunal, and are all that are taxable against the adverse party. After such abbreviations or copies have been used by counsel on one proceeding in the suit, they should be returned to the solicitor, to be used by other counsel if necessary in the further progress of the cause. It will undoubtedly sometimes happen that the copies, or abbreviations, handed to counsel, will be lost or mislaid by the counsel instead of being returned to the solicitor. But as that is the misfortune of the client and not the fault of the adverse party; and the expense of making new abbreviations or new copies is not properly taxable against the latter, although it may form a proper subject of compensation to the solicitor upon the taxation of costs as between him and his own client.

The taxing officer was right in allowing to the complainant's solicitor for the affidavits of the service of the injunction, as it was, under the circumstances disclosed, a proper precaution to have the evidence of the service preserved, although it was not necessary afterwards to use these affidavits. But affidavits of the service of papers upon the solicitor of the adverse party, where evidence of the service is not usually required and will not probably be wanted in the subsequent proceedings in the cause, should not be allowed on taxation unless it does in fact become necessary to use such affidavits. Here the evidence of the service of a notice of the examination of witnesses, and of the service of a list of the witnesses intended to be examined, was not necessary to enable the complainant's solicitor to take any other step in the cause. And if the adverse party wished to set aside the examination of the witnesses as irregular, on the ground that notice of their examination had not been given, it would be necessary for him to swear that notice of their examination had not been served. The charges for the three last affidavits in this case, which the complainant's solicitor had no right to presume would be wanted in the

further progress of the cause, and which were not in fact used, should have been disallowed on taxation.

In the case of *Rogers* v. *Rogers*, (2 *Paige's Rep.* 468,) this court decided that a fee for the attendance of counsel to argue a cause, when it was not reached on the calendar, was not taxable under the fee bill of counsellors in this court; and that there was a marked difference between the language of that fee bill and of the fee bill of counsellors in the supreme court, which could not have been the result of accident. The same difference exists between the language of the sixth item of solicitors' fees in this court and the analogous provision in the fee bill of attornies in the supreme court. The language of the fee bill in the one case is, " actually attending the court of chancery upon the argument of the cause, five dollars." In the other case it is, " arguing a demurrer, &c. *or attending prepared for such argument,*" &c. And the remarks of Chancellor Kent, upon this item of solicitors' fees, which was for the first time introduced by him into the fee bill prepared under the directions of the legislature, clearly show that the allowance was intended to be restricted to the actual hearing of the cause, and was not to apply to an attendance prepared for a hearing merely. (*See Blake's Prac.* 1*st ed. App.* 118.)

The charges for abbreviations of the pleadings for the use of counsel on the motion to dissolve the injunction; for the copies of the pleadings for the counsel on the hearing; for the three affidavits of services of notices of examining witnesses and of the service of the list of witnesses; and for the six attendances of the solicitor before the cause was actually heard, amounting, in all, to $62,31, must be disallowed, and must be refunded by the complainant's solicitor.