## Case No. 4,900.

FOLLETT v. ROSE.

[3 McLean, 332.] [1]

Circuit Court, D. Indiana. May Term, 1844.

OPINION OF THE COURT. This is an action of disseisin, given and regulated by the statute of Indiana, and is brought to recover a tract of land adjoining to the town of Terrehaute. The claim originated under the act of congress of the 5th of March, 1816, which granted bounties in land to certain Canadian volunteers. A military warrant which was issued to Follett, the ancestor of the plaintiffs, was laid upon the land in controversy, on which a patent was issued to him the 26th of October, 1816. Proof was made that the plaintiffs were the heirs at

[1] [Reported by Hon. John McLean, Circuit Justice.]

law of the patentee. The possession of the defendant was admitted. The defendant offered an instrument written on the back of the patent, which purports to be a confirmation of a previous deed, as well as a conveyance of the land patented, to ——, under whom the defendant claims. To this paper the plaintiffs object, because it has no seal, which is essential to the validity of a conveyance. On the part of the defendant it is insisted, that a seal was attached to the instrument when it was executed, and that by some accident it has been removed. Several witnesses were examined on this point, after inspecting the parchment, in the presence of the jury. One of the witnesses states, that, on a close examination, he finds some trace of a wafer seal on the parchment. That the place where he thinks this seal was attached, opposite the signature of the grantor, is different from any other place on the back of the patent, as it has the appearance of having had attached to it a wafer. Other witnesses, on examination, cannot see any evidence of a seal ever having been attached.

Ebenezer Hoskiss, before whom Follett and wife made the acknowledgment of the deed, among other things in his deposition says, "that he has not the least possible doubt, from his manner of doing business, and from his actual knowledge of what was necessary to constitute a deed, he being an attorney of the supreme court of the state of New York at the time, and for three years previously, that at the time of acknowledging and proving said deed by Follett and wife, the seals were duly attached to their names on said deed, and that since that time they have been lost off by time and accident; and further, this deponent is confident and thinks it morally impossible that said deed should have been thus acknowledged and sworn to by said Follett and wife without the seals being duly attached to the same. That had the seals not been on when said deed was presented he would, beyond doubt, have affixed them to it." A motion was made to overrule the above statement in the deposition as incompetent. But the court refused the motion, on the ground that the fact whether the instrument was sealed or not, was a matter for the jury. That the statements of the witness in regard to the seals were founded on his official action, from which his inferences were drawn, and that the jury must judge from the whole relation. The witness gives his reason for saying, with great confidence, why the instrument was sealed. A witness to the execution of an instrument may not be able to recollect the signing and delivery of the deed, but from his uniform practice in such cases he is enabled to say, that he could not have signed the instrument as a witness until it was executed by the obligor. Hoskiss was not a subscribing witness, but in regard to the sealing of the instrument he is within the rule. From his uniform practice in such

cases, he is confident the seals were on the parchment when he took the acknowledgment. This evidence is fit to go to the jury, that they may give it, and the circumstances with which it stands connected, that weight which it should have.

To rebut this evidence, the plaintiffs introduced a certified copy of said instrument from the record of deeds of the proper county, from which it does not appear, that when recorded, which was the same year of its date, there were seals attached to it. There seems to be no controversy as to the execution of the other instruments under which the defendant claims; nor that the defendant is invested with the fee, if the above deed be valid. The principal point, as you will observe, gentlemen of the jury, turns on the fact, whether the instrument which purports upon its face to be a deed of conveyance, was a sealed instrument at the time it was executed. If it was not, the fee remains in the plaintiffs as the heirs of the patentee. You will examine the parchment to see if you can perceive any traces of a seal. The patent, as you perceive, is of an oily substance, to which a wafer, though made wet and pressed, would not strongly adhere. And this would especially be the case, where the pressure was made only by the hand.

From the words used on the face of this instrument, it purports to be a deed; and where this is the case, the solemnities required by law, such as signing, sealing, delivery, &c., in the absence of proof of the omission, is presumed. 17 Mass. 488; 3 Mass. 399; 10 Mass. 105; 11 Mass. 227. To suppose that the party, in such instances, complies with the rules of law, is merely to suppose he acts reasonably. The fact of sealing will be presumed, where no mark or impression on the parchment or paper appears, if the attestation notice the solemnity to have been complied with. But, there is no such fact stated in the attestation of this instrument. Wax or wafer is not essential, or a scrawl, to make a seal. An impression on the parchment or paper, with an intent to make a seal, is sufficient. If the witness saw the obligor sign, coupled with the circumstance of a declaration incorporated in the instrument, stating it to be sealed by him, it was held sufficient to warrant the jury in presuming that the deed had been regularly sealed and delivered. 7 Taunt. 521; Matth. Pres. Ev. 39.

The deed, it seems, was recorded the same year it bears date, and no seal appears upon the record. This is relied on by the plaintiffs as rebutting evidence. The jury will consider it as such, and give to it the weight that shall be proper. If, upon the whole, you shall come to the conclusion that the instrument was not sealed, you will find for the plaintiffs. Such an instrument is essential to pass the legal title out of the ancestor of the plaintiffs. The consideration paid was one hundred and forty dollars. This, it is insisted, is inadequate. But inadequacy of consideration does not invalidate a contract, unless it be so gross as to strike every one with a presumption of fraud. In this case there are no circumstances which authorise the inference of fraud. Under the occupying claimant law of Indiana, the occupant, should your decision be against him, will be entitled to compensation for his improvements, and must account for the rents.

The jury found the defendant not guilty.