HENRY S. FOOTE, PLAINTIFF IN ERROR, v. CYRUS W. EGERY AND JOSEPH F. SMITH.

The decision in the preceding case of League v. Egery and others concludes this also.

THIS case was brought up by writ of error from the District Court of the United States for the eastern district of Texas.

It was similar to the preceding case with respect to the principal question involved, and was argued by the same counsel.

Mr. Justice CAMPBELL delivered the opinion of the court.

The plaintiff claimed in the District Court two leagues and one-half of land in the county of Refugio, in the State of Texas, which were in the possession of the defendants. The defendant answered the claim by asserting title under grants from the State of Texas, and by the operation of the statutes of limitation.

The plaintiff maintained his claim by producing a grant to James Power and James Hewetson, issued under the authority of the State of Coahuila and Texas, in the year 1834, upon a contract of sale of a certain quantity of lands in the colony of Power and Hewetson, situate within the littoral or coast leagues. In deriving his title under these grantees, the plaintiff produced a deed, or an agreement for a conveyance, from Hewetson to Power and Walker; this paper was rejected as testimony by the court. Walker, this vendee, died in 1836,

being a citizen of, and resident in, the United States. His brother, also a citizen of the United States, succeeded to his estate, and in the year 1837 conveyed his interest to a person under whom the plaintiff claims.

Three questions were made upon the trial in reference to the validity of the plaintiff's title: 1st. Whether the State of Coahuila and Texas, in the year 1829, or in the year 1834, could sell and convey land to a colonist within the littoral or coast leagues, without the consent or approbation of the Central Government of Mexico. 2d. Whether the paper executed by Hewetson to Power and Walker was a conveyance of the land, or merely an agreement to convey. 3d. Whether in 1836, Walker, a citizen of the United States, could inherit land in Texas, from one who was also a citizen of, and a resident in, the United States. The decision of either of these questions in favor of the defendants is fatal to the plaintiff's right to recover.

The first of these questions has been determined by this court in the case of League *v.* Egery and others in the negative. This decision is in accordance with the decision of the District Court, whose judgment is consequently affirmed.