WILLIAM SMITH, RESPONDENT, *v.* WILLIAM TIFFANY, APPELLANT, IMPLEADED WITH OTHERS.

*Assignment of a mortgage by a foreign administrator — vests the title thereto in the assignee.*

This action was brought to foreclose a mortgage on lands in Oswego county, given by the defendant, a resident thereof, to one Reynolds, who died in Illinois, where an administrator was appointed, by whom the mortgage was assigned to this plaintiff.

*Held,* that the assignment vested the title in the plaintiff, and that he was entitled to maintain the action.

APPEAL by the defendant from judgment, entered upon the trial of this action by the court at Special Term, in favor of the plaintiff. The action was brought to foreclose a mortgage made by defendant to secure his bond, dated October 1, 1866, given to S. Hubble Reynolds, for $1,000, covering lands in Oswego county, where the defendant resided and now resides; it was payable in this State. The mortgagee died in Galesburg, Knox county, Ill., where he resided, and one Leander B. Reynolds was appointed by the Knox County Court his administrator, and, as such, he assigned the bond and mortgage to the plaintiff.

The answer admits the execution of the bond and mortgage and their non-payment, and denies the other parts of the complaint, but sets up no defense.

*William Tiffany,* in person, for the appellant.

*Earl & Prescott,* for the respondent.

HARDIN, J. :

The evidence abundantly established that S. H. Reynolds owned the bond and mortgage at the time of his death. Also that Leander B. Reynolds was duly appointed his administrator by the County Court of Knox county, Ill., and thereafter he assigned the bond and mortgage to the plaintiff who resides in this State, and duly acquired title to the same. It may be conceded, as the learned appellant argues, that the administrator appointed in Illinois could not have maintained an action in this State upon

the bond and mortgage without obtaining letters in this State; but it is settled that the assignee of the administrator may maintain an action. (*McBride* v. *Farmers' Bank*, 26 N. Y., 450; *Petersen* v. *Chemical Bank*, 32 id., 21; *Parsons* v. *Lyman*, 20 id., 103.) Under the principles laid down in these cases it must be held, that the complaint stated facts sufficient to constitute a cause of action. The averment of an assignment, duly made by the administrator, of the bond and mortgage to the plaintiff, coupled with the other allegations, was sufficient to indicate that the plaintiff had, as owner of the bond and mortgage, a chose in action which entitled him to come into a court of equity and seek its enforcement. (*Beecher* v. *Buckingham*, 18 Conn., 110; *Putnam* v. *Ritchie*, 7 Paige, 45; *Vroom* v. *Van Horne*, 10 id., 549; *Schultz* v. *Pulver*, 11 Wend., 363; *Middlebrook* v. *Merchants' Bank*, 24 How., 267; *Middlebrook* v. *Merchants' Bank*, 3 Abb. [Ct. App. Dec.], 295; S. C., 27 How. Pr., 474, and *cases, supra*.) Chapter 408 of the Laws of 1863 relates to testators who are domiciled and out of the State, and does not in terms refer to persons who died intestate out of the State, nor to *their assets*.

Upon the trial a commission was produced by the plaintiff and the evidence of L. B. Reynolds read therefrom. He testified that he was the administrator of his father's estate, and that he was appointed and duly qualified, and that there "was annexed hereto an exemplified copy of his appointment as such administrator and made a part of his answer to the question and marked exhibit A."

There was a general objection by defendant and that was overruled, and the defendant excepted. The witness then testified that he had acted as such administrator. Then exhibit A, referred to as aforesaid, was produced by the plaintiff and offered in evidence. It consisted of a petition to Knox County Court, signed and verified by one L. B. Reynolds, the filing thereof and the bond of the administrator the filing of it, letters of administration, record of the court of probate proceedings, a full certificate of the clerk to such record, and a certificate of the judge of the court to the clerk's certificate, and a certificate of the clerk to the signature of the judge, etc. These papers were then offered in evidence by the plaintiff and objected to by the defendant. First. That they are here as exhibits, not as original

papers. Second. There is no evidence that they are original papers. Third. That they are not certified pursuant to the statutes of this State. Fourth. That there must be proof that the County Court of Knox has jurisdiction to grant letters of administration. Fifth. That there is no certificate of the Secretary of State. These objections were overruled, and the defendant excepted.

There can be no force in the first objection, as it was not any less an exemplified copy, because it had been attached to the commission, and sent forward with it. The inspection of the papers is sufficient to show they are original, so far as copies can be made to be original. They were handed up, and appear to be like certificates of that character. The form of the certificates seems to be as usual. There was no force in the objection that proof should be given that the Knox County Court had jurisdiction of the subject-matter and in the premises. The very records and certificates established that fact *prima facie*. (*Pepin* v. *Lachenmeyer*, 45 N. Y., 29.) There was no force in the objection that there should have been a certificate of the Secretary of State. The certificates of the clerk and of the presiding judge were sufficient, and the record of the probate court was therefore properly proved. (*People* v. *Snyder*, 41 N. Y., 408–409 ; U. S. R. S., § 906 ; 45 N. Y., 29.)

The certificates indicate that a record was made up, and there is no force in the objection to them upon the idea that they are merely minutes. (*Ferguson* v. *Harwood*, 7 Cranch, 408.) There was no wafer or wax used for a seal, but the official seal was impressed and stamped upon the paper itself, and it retains the impression and character of the seal. It was sufficient. (*Ross* v. *Bedell*, 5 Duer, 462; *Curtis* v. *Leavitt*, 17 Barb., 309; *Follett's Heirs* v. *Rose*, 3 McLean, 332; *Pillow* v. *Roberts*, 13 How. [U. S.], 472.) It was conceded that the certificates were properly executed in accordance with the United States law, upon the trial by the defendant. It must be held that the probate proceedings were properly established, and that the administrator was properly appointed by the County Court of Knox county, Illinois, and that he entered upon his duties in the discharge of his trust, and took possession of the bond and mortgage, and duly assigned them to the plaintiffs.

.The defendant takes a highly technical objection to the certificates attached to the assignment of the mortgage, and its acknowledgment. We shall spend no time to consider the objection, as we are of the opinion that the execution of the assignment was fully established by the evidence of Mr. Rhodes, and by the evidence of the administrator taken upon commission.

The ruling is, therefore, if erroneous within the terms and spirit of section 1003 of the Code of Civil Procedure.

We think the case was properly disposed of at Special Term, and we must, therefore, affirm the judgment, with costs.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment affirmed, with costs.