No. 5960.

## B. F. WHITE ET AL. *v.* R. D. JONES.

1. ADMINISTRATOR'S DEED—LAPSE OF TIME—PRESUMPTION.—The records of a court, if they be in existence, or properly certified copies thereof, are the best and generally the only competent evidence of their contents. But when twenty-five years after the destruction of the probate records and papers pertaining to the administration of the estate, and after the death of the administrator, in a suit by heirs to recover land claimed to have been regularly sold under order of court by the administrator the production of the defendants' deed from the administrator made twenty-five years before, containing recitals, which, if true, showed the regularity of the sale, and its confirmation by the court, in connection with evidence that a subsequent administrator returned a purchase money note referred to in the deed on his inventory, and that the note was paid to him, it will be presumed that the court and its officers did their duty, and the validity of the sale was sustained.

2. PARTITION—STATUTE CONSTRUED.—Construing Article 1348, Paschal's Digest, *held:* That the direction contained in the statute as to the time when the estate of a decedent could be partitioned was intended solely for the protection of creditors, and if such an order was prematurely made by a court that had acquired jurisdiction, none but creditors could complain.

APPEAL from Hill. Tried below before the Hon. J. M. Hall.

*B. D. Tarlton,* for appellant: On his proposition that the bare recital of an order to sell in the administrator's deed from Wornell to Williams is not sufficient to prove that such an order was made, he cited Terrell v. Martin, 64 Texas, 124, 125.

On his proposition that the recitals in the deed from J. M. Wornell, administrator, to G. R. Williams, show affirmatively that the probate court had no jurisdiction to order or to confirm the sale therein set forth, because the recitals describe the sale as for the purposes of partition and distribution among the heirs, and they show that said sale was ordered, that the same occurred, and that the same was confirmed, at and within a time when the court was not permitted, by law, to order such a sale for purposes of partition, in this: That said sale was ordered, the same occurred, and the same was confirmed before the lapse of twelve months from the grant of letters of administration as

recited in said deed, he cited Paschal's Digest, Article 1348; Withers v. Patterson, 27 Texas, 491.

*William L. Booth,* for appellee, cited Watrous v. McGrew, 16 Texas, 514, 515; Daily v. Starr, 26 Texas, 562.

GAINES, ASSOCIATE JUSTICE.    This suit was brought by appellants to recover of appellee certain lots in the town of Hillsboro. Both parties claim title under one James Day, deceased—the appellants as his heirs, and appellee under a sale made by James Wornell as the administrator of his estate.    The question is as to the validity of this sale.

Day died about the year 1859.    The heirship of appellants was proved, and defendant introduced in evidence a deed from Wornell as administrator, purporting to convey to one G. R. Williams the lots in controversy as the property of the estate.    The deed recited that Wornell was appointed administrator of Day's estate in April, 1859, and set out in *hæc verba* what purported to be an order of the county court of Hill county, which showed that a division of a part of the estate had been had, and that it appeared that these lots and certain personal property were incapable of equitable division, and ordered the administrator to sell the same on the first Tuesday in the next August.    The deed further recites that the administrator gave the proper notice by posting, etc., and sold the lots on the first Tuesday in September following, and that one G. R. Williams became the purchaser.

The deed also sets out an order confirming the sale, and directs the administrator to make title to Williams upon a compliance with the terms of the sale.    It also appeared that Williams gave his note for the purchase money of the lots, with two sureties and a mortgage upon the property to secure the note.    No order of court was produced, but it was admitted "that papers in the estate of Day had been burned, also the docket and minutes of the probate court of Hill county for the period preceding the October term, 1860."    J. M. Wornell, the administrator, died in the spring of 1864.    Wornell was removed from the administration in November, 1860, and one Groves was appointed administrator *de bonis non.*    Appellee introduced evidence to show that the note was paid to appellant B. F. White by direction of the administrator *de bonis non* in 1866.

White testified that the note was never paid to him, but the court found in favor of appellee upon this issue, and this finding

is sustained by the evidence.  The heirs of the estate were appellant B. F. White's wife (who was also the mother of the other appellants), and his wife's sister.  A witness testified that White, at the time of this payment, had a transfer to himself of this sister's interest.  This was not contradicted by White.  The latter's wife died about the time of this last transaction, but the evidence does not make it certain whether before or after the payment.

It was held by this court in the case of Terrell v. Martin, 64 Texas, 124, that the recitals in an administrator's deed are not sufficient to show an order for the sale of land of the estate. Of the correctness of that ruling as applied to the facts of that case there can be no doubt.  The record of the proceedings of a court, if they be in existence, are necessarily the best and the only competent evidence of its orders.  No reason was shown in that case why a copy of the minutes of the court could not be had, and hence the court in that case was right in holding that the recitals in the deed were not sufficient.

Here, however, the entire records, including both the file papers and minutes relating to this estate covering the time at which the orders in question were claimed to have been made were destroyed.  At the time of the trial of this case in the court below twenty-five years had elapsed since the sale of the lots were made.  The administrator who made it was proved to be dead.  Under such circumstances it may be that it should be presumed that the orders were made as the administrator's deeds set them forth, without other evidence tending to support that conclusion, save the failure of the heirs to set up their claim for so long a time.  But it was also shown that the administrator *de bonis non* returned the purchase money note upon his inventory, and the court finds upon sufficient evidence that the note was paid.

In Baker v. Coe, 20 Texas, 430, this court held that although the records of the court failed to show that everything had been done which was required by law in making sales of the property of deceased persons, yet the sale having been proved and nothing shown to impeach its fairness, it would be presumed that the court and its officers did their duty and the validity of the sale would be sustained.  The lapse of time in that case was about twenty-five years, as in this.  For a stronger reason the same presumption must be indulged in the case before us, in

which it was admitted that the records relating to the estate at the time of the transaction were entirely destroyed.

But taking the recitals of the administrator's deed as true, it appears that the sale (which was for the purposes of partition) was ordered within less than one year from the appointment of the administrator. It is therefore contended that the court had no power to make partition of the estate under the law as it then existed (Pas. Dig., art. 1348) until "after the first term after the expiration of twelve months from the original grant of letters of administration," and that therefore the sale was void.

But we think that when the county court acquired jurisdiction over the estate by the grant of administration, that it had the authority to order a partition of the property among the heirs; that the direction in the statute as to the time at which this should be done was intended solely for the protection of creditors, and that, if the order be prematurely made, none but creditors should be permitted to complain. It is but an irregularity, for which the sale might have been set aside by a proper proceeding within proper time by any creditor whose rights may have been prejudiced by it.

It may be that the recital in the deed of the date of the grant of letters is a clerical mistake—1858 being intended instead of 1859; but however that may be, after the lapse of twenty-five years, which has occurred in this case, the presumption *omnia recte acta* must apply, and, the records having been destroyed by fire, every intendment must be presumed in favor of the validity of the proceedings. If the heirs made application for the partition, acquiesced in the sale and recovered the purchase money for the lots, they and those claiming under them are certainly estopped from setting up title to the lots in controversy.

We are of opinion, therefore, that the sale by Wornell, administrator, to Williams, of the lots in controversy, was valid, and passed the title held by James Day at the time of his death. Appellants therefore have no title, and can not recover in this suit, although appellee may not have acquired the title which was vested in Williams by the sale. For this reason the other questions raised in the brief of appellants' counsel are unimportant and need not be determined.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Opinion delivered April 15, 1887.