ALBERT L. ANDREWS *et ux. vs.* DAVID F. GOFF.

Revised Statutes R. I. cap. 151, § 20, required a Court of Probate, in settling the accounts of administrators, to specially examine and adjudge whether they had complied with the statutes and the directions of the court, relative to the sale of land. Hence, when the records of a Court of Probate showed that it had received an administrator's final account, containing the accounts of a land sale, had found that the conditions of the sale were made according to law, and had adjudged the approval of the sale and of the account:

*Held,* that the adjudication was conclusive that a bond had been given, though none could be found of record.

*Held,* further, affirming *People's Savings Bank* v. *Wilcox,* 15 R. I. 258, that when the question of jurisdiction is so involved in the subject-matter of a suit that it cannot be separately decided, the judgment rendered is conclusive in collateral proceedings.

BILL IN EQUITY for specific performance.

*January* 13, 1891. STINESS, J. The question in this case is whether the fact that the files of the Court of Probate fail to show the giving of a bond, as required by law, by an administratrix authorized to sell real estate of the intestate, invalidates the title which came from her, through subsequent conveyances, under such sale. The sale was made in March, 1870, before the statute which now requires such bonds to be recorded. Original jurisdiction of petitions to sell real estate, in the course of administration, was in the Court of Probate, under Rev. Stat. R. I. cap. 151, §§ 9, 11 ; the petition to be " granted under such restrictions and limitations and upon such conditions as are or may be imposed by law or by the court granting the same." Section 14, amended by cap. 498, of March 4, 1864, required a bond with surety satisfactory to the court, before making sale, and hence it is argued that the lapse of time raises the presumption that the requirements of the law were

duly followed. Without doubt the lapse of nearly nineteen years before the present sale raised a strong presumption that the former sale was regular; and the authorities cited by the complainants abundantly sustain the right to make such a presumption.[1] Nevertheless, if it be merely a presumption of fact, liable to be rebutted by the heirs to the estate, who are not parties to this suit, such a presumption would afford no protection to the respondent, as purchaser of the estate, against them, and so it would fail to assure him of a perfect title, which is one of the conditions in his contract. But the case shows something more definite and certain upon which he may rely. Rev. Stat. R. I. cap. 151, § 20, provided that the Court of Probate, in settling accounts of executors, administrators, and guardians, should specially examine and adjudge whether they have complied with the requirements of law and the directions of the court in regard to the sale of land; and it appears that the Court of Probate in this case, in settling the final account of the administratrix, containing an account of the sale of the land, found " that the conditions of the sale thereof were made according to law; " and also adjudged " that said sale is approved, and that the account aforesaid is received, allowed, and the same be recorded." Here, then, is an adjudication within the jurisdiction of the court, which could not have been made unless the court found the bond had been given. The judgment, therefore, is clearly within the rule laid down in *People's Savings Bank* v. *Wilcox,* 15 R. I. 258, that where the question of jurisdiction is involved in the question which is the gist of the proceeding, so that it cannot be decided without going into the latter question, then the judgment is collaterally conclusive. Consequently the judgment of the Court of Probate upon the sale, being final, is conclusive in this and all other proceedings, and removes the

---

[1] As follows : —

Rorer on Judicial Sales, §§ 286, 290, 310 ; *Alston* v. *Alston,* 4 S. Car. 116 ; *White* v. *Jones,* 67 Tex. 638 ; *Hicks* v. *Haywood,* 4 Heisk. Tenn. 598 ; *Redmond* v. *Anderson,* 18 Ark. 449 ; *Austin* v. *Austin,* 50 Me. 74 ; *Wyatt's Adm'r* v. *Scott,* 33 Ala. 313 ; *Winkley* v. *Kaime,* 32 N. H. 268 ; *Eaton* v. *White,* 18 Wisc. 543 ; *Battles* v. *Holley,* 6 Me. 145 ; *Sims* v. *Aughtery,* 4 Strobh. Eq. 103, 117 ; *Gray* v. *Gardner,* 3 Mass. 399 ; *Stevenson's Heirs* v. *McReary,* 20 Miss. 11 ; *Hazard* v. *Martin,* 2 Vt. 77.

question made by the respondent as to the title to the land offered by the complainants.

Let a decree for specific performance be entered.

*Francis Colwell & Walter H. Barney*, for complainants.

*Albert A. Baker*, for respondent.