## WILSON v. SNOW.

DEEDS; EVIDENCE; WILLS; TRUSTS AND TRUSTEES; POWERS.

1. A recital in a deed of land more than fifty years old, that the grantor
   was a surviving executrix, is evidence tending to show that she
   qualified as executrix, where it is admitted that the will by which
   she was appointed was probated, the grantor is dead, and there is
   evidence showing the loss of the probate records for several years
   before and after the death of the testator.

2. *It would seem* that when probate of a will of real estate is not au-
   thorized by law, trustees of land appointed by a will cannot be
   required to qualify by the probate court, although, if also execu-
   tors, they would have to qualify as such with regard to the per-
   sonal estate.

3. Acceptance of the trust by trustees of land may be established by a
   recital in a deed made by them in the execution of the trust.

4. While a naked power of sale, not coupled with an interest, when given
   to two persons, does not survive the death of one of them, it does
   survive if the power also vests an interest or creates a trust.

5. A will creates a trust in the executors, although they are not named
   as trustees and no express trust words are used, where they are

given the power to sell the entire estate, real and personal, and to invest the proceeds for the benefit of the widow and children, and the widow, who is one of the executors, is given a life estate, forfeitable by marriage, but coupled with an enforceable trust on behalf of the children for their education and support, and in event of her death the entire estate is to go to the other executor for the benefit of the children, who are infants at the time of the testator's death; and a deed of the real estate of the testator, made by the widow as surviving executor, passes the title.

No. 2110. Submitted October 12, 1910. Decided November 1, 1910.

HEARING on an appeal by the plaintiffs from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action of ejectment. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment in an action of ejectment begun by the appellants, Mary Eleanor Wilson, et als., as heirs at law of John H. A. Wilson, against Chester A. Snow, who holds under a conveyance by the surviving executor of said Wilson, to recover a tract of land in the District of Columbia.

It appears from the agreed statement of facts that the plaintiffs are the children of John H. A. Wilson, who was seised of the land and died testate February 28, 1858. He was survived by his widow, Adelaide, and the children aforesaid. His will, executed October, 1857, contains the following clauses:

"I give and devise to my dearly beloved wife, Adelaide Wilson, all my real and personal property during her single life, for the education and support of herself and my children hereinafter named, and in case of the marriage of my said wife, then she shall forfeit all claim, interest, and estate hereby devised to her, except what is allowed by law, to a widow, and in case of the death or marriage of my said wife, then and in either event, I devise and bequeath all my estate real and personal to my affectionate brother Thomas O. Wilson, in trust for the use and benefit of my dear children, Mary Ellen

Wilson, William Harris Wilson, Adelaide Berry Wilson, John Acquila Wilson, and Amelia Maria Wilson, share and share alike, and authorize and empower my said brother to exercise his own judgment and prudence in the discharge of the duties hereby confided to him,—and it is my wish and desire that my executrix and executor hereinafter named shall and may at any time they shall deem best and to the advantage of my said wife and children, sell and convey any part or all of my real and personal estate, and invest the proceeds in good stocks or otherwise, as they may consider best, for the benefit of my said wife and children; in fact, to exercise a sound discretion in the management, disposition and investment of my said estate for the purpose aforesaid, to wit for my wife and children. It is my wish and desire that in the event of its being necessary to dispose of my servants, that they are not to be carried out of the District of Columbia, unless their conduct merits a different disposition to be made of them or either of them—and under no circumstances is my servant man Charles to be ill treated, unless his conduct merits it, but so long as he proves faithful as he has heretofore done, he is to meet with good treatment from my executrix and executor and to be properly taken care of by them."

By the last clause he appoints his wife, Adelaide, and his brother Thomas O. Wilson, executors. It was also agreed that the will was duly executed and probated, and that Thomas O. Wilson died September 21, 1858. There was no record evidence that either of the executors had qualified and received letters testamentary. There was testimony tending to show that the probate records had been negligently kept and cared for between the years 1854 and 1861. No records could be found for that period; the bond book for that period, in which the bond of these executors, if given, ought to be recorded, as well as all estate accounts, are missing from the files.

The deed from Adelaide Wilson conveying the land in question to Leonard Huyck, dated March 8, 1865, contains the following recitals:

"Whereas, John H. A. Wilson of the County of Washing-

ton, in the District of Columbia, by his last will and testament bearing date on the —— day of October, A. D. 1857, gave devised and bequeathed unto the said Adelaide Wilson his wife all the real and personal property of which he might die seized and possessed in and upon trusts for certain uses and purposes therein set forth and constituting and appointing the said Adelaide Wilson and Thomas O. Wilson Executrix and Executor thereof, and

Whereas, the said Executrix and Executor were by the terms of said will duly authorized and empowered to sell and dispose of any part or portion of said estate in manner and form as to them should seem meet and for the best interests of the wife and children of the said testator and in fact to exercise a sound discretion in the management, disposition and investment of the said estate for said purposes, *viz.,* for the benefit of the wife and children of said testator; and in the event of any sale of said estate or any part or portion thereof to convey by a good and sufficient deed all the right, title interest and estate of the said John H. Wilson, of in and to the same, to the purchaser or purchasers thereof, and

Whereas, the said last will and testament was duly admitted to probate before the Orphans' Court for the District of Columbia on the 20th day of March A. D. 1858 and is of record in said Court, and

Whereas, since the probate thereof, *viz.,* on or about the 21st day of September A. D. 1858 the said executor Thomas O. Wilson departed this life leaving the said Executrix alone in the discharge of said trusts and empowered to act under said will as sole executrix thereof."

This deed acknowledged the receipt of the purchase money $3,225, and conveys the land to the grantee in fee simple. It was duly recorded. It was agreed that defendant Snow held by regular chain of conveyances, duly recorded, from Huyck. Adelaide Wilson died March 28, 1906. The children of testator, at the time of his decease, were respectively aged ten, eight, five years, and one year. The widow and children

lived on the farm at the death of the testator and until the sale aforesaid. The testator owned no other real property.

The plaintiff moved the court to instruct the jury (1) to return a verdict for plaintiffs; (2) that there is no evidence from which they can find that either the executor or executrix ever qualified as such; (3) that the burden is on the defendant to show the qualification of the executrix; and that the recitals in the deed from Adelaide Wilson to Huyck are not evidence of the facts therein contained, the said deed being solely for the purpose of establishing a link in the chain of defendant's title. These were severally refused and exceptions noted. The court then charged the jury to the effect that the power of sale contained in the will survived to the executrix, Adelaide Wilson; that the valid exercise of the power depended upon whether or not she had qualified as executrix; that it was necessary for the jury to find that she had so qualified, the burden being upon the defendant to prove the same; that a *de facto* officer was one who had actually taken up and was engaged in the discharge of the duties of an office, and that if the jury found a certain person to be a *de facto* officer, they might, if they saw fit, in the absence of proof to the contrary, consider this evidence tending to show that the person had legally qualified; and that if the jury found from the evidence that Adelaide Wilson had in fact assumed the duties of executrix, and was engaged in discharging them, they might, if they saw fit, in the absence of proof to the contrary, regard this as evidence which tended to show that she had been legally qualified and installed in the office of executrix. To this charge the plaintiffs took an exception. The jury returned a verdict for the defendant, from the judgment following which the plaintiffs have appealed.

*Mr. Charles F. Carusi* and *Mr. Eugene A. Jones* for the appellants.

*Mr. William F. Mattingly, Mr. Charles A. Douglas,* and *Mr. J. J. Darlington* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

1. The first question to be determined is: Did the court err in submitting to the jury the recitals in the deed from Adelaide Wilson, that she was surviving executrix, as evidence from which they might find that she had qualified as executrix of the will of testator? This deed was more than fifty years old. There was evidence showing the loss of records in which the entries relating to the qualification and bonds, etc., of executors ought to have been made. The executrix was dead, and the plaintiffs had been living in the District during the entire period between the death of the testator and the beginning of their action. Under these circumstances we think there was no error. Gray v. Gardner, 3 Mass. 399–402; *Baeder* v. *Jennings,* 40 Fed. 199–216; *Willetts* v. *Mandlebaum,* 28 Mich. 521; *Doolittle* v. *Holton,* 28 Vt. 819–823, 67 Am. Dec. 745; *Tucker* v. *Murphy,* 66 Tex. 355–359, 1 S. W. 76; *White* v. *Jones,* 67 Tex. 638–641, 4 S. W. 161. See, *Taylor* v. *Benham,* 5 How. 272, 12 L. ed. 149.

Although the point was not made on the argument, it may be well questioned if any qualification of the executors, assuming that they were made trustees of the land by the will, was necessary or could have been required by the probate court. Qualification as executors was undoubtedly necessary as regards the personal estate. But no probate of the will as to real estate was then authorized. It would seem, then, as to the land, that the executors were like any other trustees, whose acceptance of the trust was all that was necessary; and this acceptance may be established by the recital in a deed in execution of the trust.

2. The question upon which the case turns is whether the power of sale given in the will to the two executors, Adelaide Wilson and Thomas O. Wilson, survived the death of the latter. It is well settled that a naked power of sale, not coupled with an interest, when given to two persons, does not survive the death of any one of them. If there be a discretionary

power to sell, without any words vesting an interest or creating a trust, it is a naked power that does not survive. *Peter* v. *Beverly,* 10 Pet. 532–564, 9 L. ed. 522–535; *Taylor* v. *Benham,* 5 How. 233–268, 12 L. ed. 130–147.

It remains to consider whether the testator's will conferred a power of sale, coupled with a trust, that survived the death of one of the executors or trustees.

The widow took a life estate by the will, forfeitable by marriage, but coupled with a trust on behalf of the children, that could have been enforced, if necessary, for their education and support.

In case of her marriage or death, the entire estate was to pass to Thomas O. Wilson in trust for the use and benefit of the children, who, at the time of the testator's death, were all infants. Finally, a wish is expressed that the estate shall be sold by the executrix and the executor, should they at any time deem it best, for the benefit of the wife and children; and they are empowered to exercise a sound discretion in the management, disposition, and investment of the said estate for the wife and children.

This management, disposition, and investment extended to the entire estate, which consisted of personalty and realty, before any sale, as well as to the proceeds of any sale that might be made.

In our opinion, this created a trust in the executors, although they were not named as trustees and no express words of trust were used. See Pom. Eq. Jur. sec. 1011; *Tobias* v. *Ketchum,* 32 N. Y. 319.

This being the case, the power of sale survived under the rule stated.

The court did not err, therefore, in charging the jury that the deed of Adelaide Wilson passed the title.

4. It has been further urged in support of the judgment that this is the case of a power given to executors *virtute officii,* which, for that reason also, survived. In view of the conclusion reached as regards the trust, it is unnecessary to determine this point.

For the reason heretofore stated, the judgment will be affirmed, with costs.                                    *Affirmed.*

On application of the appellants, a writ of error to the Supreme Court of the United States was allowed, and was issued November 8, 1910.