# FIRST DISTRICT, 1902.

### W. O. B. GILLASPIE v. J. A. MURRAY·ET AL.

#### Decided January 7, 1902.

**1.—Tax Deed—Proof of—Limitations—Color of Title.**

A tax deed not void on its face will support a plea of five years limatations, and is admissible for that purpose without proof of" the prerequisites necessary to authorize a sale of the land for taxes; but where it is offered to support a plea of three years limitations as color of title such proof is necessary, showing a sale regularly made for taxes duly levied and assessed.

**2.—Same—Objection—Limiting Effect.**

Where a tax deed is offered in evidence to support a plea of limitations, it is not necessary to object to its introduction in order to limit its effect to such purpose.

**3.—Power of Sale—Revocation—Death.**

The power to sell given in a deed of trust is a power coupled with an interest, and is not revoked by the death of the constituent, but may still be executed where the four years have elapsed during which administration could be taken out on his estate.

**4.—Same—Power to Guardian—Execution by Successor.**

A power of sale conferred by a deed of trust upon F., "guardian" of certain minor heirs, and without provision for a substitute trustee, could not be ·executed, after the death of F., by his successor in the guardianship.

**5.—Evidence—Transaction With Decedent.**

In an action by heirs evidence by the defendant, claiming under a sale of land made by a trustee, that the deceased ancestor, beneficiary in the trust, requested the trustee to sell the land, is inhibited by the statute as a transaction with the decedent. Rev. Stats., art. 2302.

. Appeal from Walker.   Tried below before Hon. J. M. Smither.

*J. K. P. Gillaspie,* for appellant.

*Ball, Dean & Humphrey,* for appellees.

GARRETT, CHIEF JUSTICE.—This was an action of trespass to try title brought by the appellees against the appellant for the recovery of a tract of 196.7 acres of land a part of the Harvey Gray and H. L. Hunter surveys, situated in Walker County. The appellees are the heirs of J. H. Murray and his wife N. B. Murray. J. H. Murray is common source of title, the claim of appellant being derived through a sale under a deed of trust executed by Murray and his wife to secure a promissory note in favor of James M. Farris as guardian of the minor heirs of Susan Gillaspie, deceased. The appellant also claims title by limitation under the statute of three and five years. The case was tried with-

out a jury and resulted in a judgment in favor of the appellees for the recovery of the land. The trial judge filed conclusions of fact from which the following statement is made as supported by the evidence introduced by the parties:

On September 2, 1872, J. H. Murray and his wife N. B. Murray executed a promissory note for the sum of $360, payable September 2, 1873, to J. M. Farris, guardian of the minor heirs of Susan Gillaspie, deceased, or his legal successors; and on the same date executed a deed of trust conveying the land in controversy to J. M. Farris as guardian of the minor heirs of Susan Gillaspie, deceased, or his legal successor to secure the payment of said note, said deed of trust providing that in default of payment of said note the said J. M. Farris, guardian of the minor heirs of Susan Gillaspie, could sell said land to settle the same, making no provision for the appointment of a substitute trustee. J. H. Murray died in April, 1873, and his wife died in 1897. The appellees are their sole heirs. It was admitted that the title down to J. H. and N. B. Murray was good in them. W. O. B. Gillaspie, the appellant, became the legal successor of J. M. Farris as guardian of the minor heirs of Susan Gillaspie, deceased, and the note being unpaid, he sold the land as trustee under the deed of trust on August 20, 1877, after due advertisement, and bid the same in at the sum of $360 for the said minors and executed a deed therefor to himself as guardian for said minors. Appellant afterwards acquired the title of the minors. The appellant took possession of the premises January 23, 1878, which continued until the latter part of 1880, when it was interrupted for a year or so, and no continuous possession was ever had for a period of five years at any time. No such possession of the premises by appellant either for himself or for said minor heirs as would support title by limitation was shown. Two tax deeds for the land in controversy were put in evidence, but the prerequisites necessary to authorize the sale of the land for taxes were not proved. The appellant paid all taxes on the land from the year 1878 up to the time of the trial.

The two deeds were admissible in evidence without proof of the prerequisites to a sale of the land for taxes in support of the plea of five years' limitation, and it was not necessary for the appellees to object to their introduction in order to have proper effect given to them as evidence. A tax deed not void on its face will support the plea of limitation of five years possession under a deed. Schleicher v. Gatlin, 85 Texas, 270. But in order to support the statute of limitation of three years by showing color of title, a tax deed, though admissible for the purpose, must be shown to have been executed in the completion of a sale regularly made for taxes duly levied and assessed. Telfener v. Dillard, 70 Texas, 146. Five years possession was not shown, and even if it should be conceded that a possession of three years was shown, the tax deeds were not supported by proof of a compliance with the prerequisites of the sales for taxes. The finding of the trial court that

the possession of the land was not sufficient to support the plea of limitation is approved as supported by the evidence.

More than four years having elapsed after the death of J. H. Murray without any administration having been taken out upon his estate, the power to sell under the deed of trust could be executed. Rogers v. Watson, 81 Texas, 400; Silverman v. Landrum, 47 S. W. Rep., 404. The power to sell given in a deed of trust is a power coupled with an interest and is not revoked by the death of the constituent, but its exercise has been held to be inconsistent with the administration of the probate law of this state. Robertson v. Pard, 16 Texas, 472; McLane v. Paschal, 47 Texas, 365. After the expiration of the four years allowed for taking out letters of administration the reason for denying the exercises of the power ceases. But by its terms the deed of trust made J. M. Farris, the guardian of the minor heirs of Susan Gillaspie, deceased, the trustee to sell. No provision was made for his successor as such guardian to exercise the power. If the legal guardian of the minors, whoever he might be, had been made trustee, then the power could have been exercised by W. O. B. Gillaspie, who was then the legal guardian, or any person who should happen to be the legal guardian, as where the sheriff is empowered to sell. Silverman v. Landrum, supra.

The conveyance of the land to J. M. Farris as guardian of the minor heirs of Susan Gillaspie, deceased, or his legal successor, does not confer the power to sell upon his legal successor. Farris alone is given the authority to sell, and the words guardian, etc., following his name can only be regarded as descriptio personae. The office of trustee is one of personal confidence and can not be delegated. Fuller v. O'Neil, 69 Texas, 350. The makers of the trust conferred the power of sale upon Farris alone and may have done so from their personal confidence in him, and although the land was conveyed as security for the debt to the guardian of the minors, the makers of the trust may have been unwilling to confer the power of sale upon any person who happened to be guardian. There was no evidence of the failure or refusal of Farris to execute the trust or of the substitution of Gillaspie, even if there had been a provision in the deed of trust for a substitute trustee. W. O. B. Gillaspie was without power to sell the land, and his sale thereof was void. The minors acquired no title by the sale and did not have the right of possession. No right of possession was given by the deed of trust, and appellant had no equities in the land that would require satisfaction by the appellees before they could recover possession thereof. They owned the land subject to the lien of the deed of trust and were entitled to the possession thereof until the lien should be foreclosed. The attempt to foreclose was fruitless, and the debt being barred by limitation which was set up against it, the appellant in default of a trustee with power to sell was without remedy.

On objection by the appellees the court refused to receive and consider the evidence of the appellant to the effect that N. B. Murray wrote a letter to one E. J. Addickes, in which she stated that she was unable to

pay the debt, and for Addickes to tell Gillaspie to proceed under the deed of trust and sell the land and collect the debt, and that he sold the land in accordance with the request of Mrs. Murray and the power conferred in the deed of trust on the legal successor of J. M. Farris. The appellant stated that the letter was shown to him and that he recognized the signature to it as that of N. B. Murray, and that at the time he had no interest in the transaction. The objection to the consideration of this evidence was that the appellant as a party to the suit could not testify to any transaction with the deceased N. B. Murray, and the testimony of the appellant related entirely to a transaction with her. It comes clearly within the statute making such evidence incompetent. Rev. Stats., art. 2302; Parks v. Caudle, 58 Texas, 216; Stringfellow v. Montgomery, 57 Texas, 349. Being incompetent, we need not anticipate what would have been the effect of the evidence if admissible.

The judgment of the court below will be affirmed.

*Affirmed.*