207 P.2d 1124

**GIOVANI et al. v. RESCORLA et al.**
*No. 5078.*

Supreme Court of Arizona.
June 29, 1949.

John Pintek, of Bisbee, for appellants.

David J. Marks & Wesley E. Polley, of Bisbee, for appellees.

STANFORD, Justice.

C. J. Beezley and Catherine Beezley, his wife, were the owners of the surface and 40 feet of Lot 6, Block 2 of the Townsite of Bakerville, an addition to the city of Bisbee, Cochise County, Arizona. They were the parents of appellants Dorothy Thelma Giovani, Lydia Beatrice Giovani and Ena Marie Cain, and grandparents of Merilee Giovani, the daughter of Lydia Beatrice.

Catherine Beezley passed away September 27, 1919. C. J. Beezley married Beatrice Frazier Sorsby, interpleader defendant (appellee) in April, 1921. He died February 10, 1923. Beezley left a nonintervention will giving all of his property to his wife, appellee herein. On June 16, 1927, she filed a petition for the probate of the will and was appointed executrix. Apparently nothing further was done until the filing of this suit. Beatrice Frazier Sorsby was also appointed the guardian of the estates of the three Beezley children on March 31, 1923.

Ena Marie married Howard Cain in the year 1926, and left the home, which is the property involved in this litigation. Since her marriage she has not lived on the property. On June 16, 1927, an uncle and aunt of the children adopted the two younger children, and Beatrice Frazier Sorsby joined in the adoption by giving her consent.

The facts show that on October 31, 1936, the property in question was advertised to be sold by the county treasurer on account of delinquent taxes assessed against appellee Beatrice Frazier Sorsby for prior

years. In December, 1941, a treasurer's deed was issued to William Frazier, the then husband of Beatrice Frazier Sorsby, she having married him August 7, 1933. On November 10, 1942, Beatrice Frazier Sorsby deeded the property to William Frazier. April 25, 1944, William Frazier deeded the property back to Beatrice Frazier Sorsby and this deed was recorded on May 2, 1944.

This action to quiet title based on adverse possession was filed on October 8, 1946 by the appellees Joe Rescorla and Ada Rescorla, who evidently had a contract to buy the property.

The case was tried on the complaint, answer, and counterclaims, resulting in a judgment in favor of plaintiffs.

While the appellants have presented several assignments of error, the parties to the action have stipulated what the issues in the case will be:

1. "That the Court shall determine whether or not Beatrice Frazier Sorsby had good title to the property set forth in the complaint at the time that she conveyed the property to Joe Rescorla and Ada Rescorla, his wife.

2. "It is further stipulated that the Court shall pass upon the question, if any, of damages on behalf of the defendants represented by John Pintek as against Beatrice Frazier Sorsby, interpleaded defendant."

In addition to this stipulation, the issues are further defined in appellants' brief as follows: "Can one in a fiduciary or trust capacity (in this case the step-mother, guardian, executrix and co-owner) in possession of the property under court order, acquire title by or through claim of adverse possession?"

It is the claim of appellants that at the time of the death of Catherine Beezley they were entitled to one half of the community estate, being their mother's part. They recognized the nonintervention will of their father as bestowing on Beatrice Frazier the father's one half of the estate, but claim that as to the other one half appellee Beatrice Frazier Sorsby was a trustee for appellants. They also claim that by reason of the guardianship proceedings filed in 1923 in which appellee was appointed guardian of the persons and estates of all minor children of Calvin James Beezley and Catherine Beezley, his wife, which guardianship has not been terminated by order of court, a fiduciary relation has at all times existed between appellee and her said wards and does now exist, and that she could not under such circumstances occupy said premises adversely to them.

The records in this case disclose that Beatrice Frazier Sorsby was appointed guardian of the persons and estates of the minor children of her husband, C. J. Beezley, in April, 1923; that she duly qualified as such and has never since said date been

discharged as said guardian by order of the court.

Section 42-116, A.C.A.1939, relating to guardianship, insofar as we are concerned in this case, provides that "The power of a guardian appointed by a court is suspended only by order of the court; or, if the appointment was made solely because of the ward's minority, by his attaining majority."

■ The guardianship in this matter was not made solely because of the minority of said wards, but primarily for the purpose of preserving the estate of said minor children, and therefore continues to exist at this time and will continue to exist until suspended by an order of the superior court of Cochise County. This being true, the said Beatrice Frazier Sorsby at all times since her appointment as such guardian has occupied and does now occupy a fiduciary relation toward all of the children now living of her deceased husband regardless of their age, and has at all of said times held the property of said heirs as trustee for them and for the benefit of the estate of Lydia Beatrice Giovani, deceased. It therefore follows that the said Beatrice Frazier Sorsby could not initiate a claim of adverse possession against her wards during the existence of said guardianship, and that she has at no time occupied the property involved in this litigation adversely to said children, but on the contrary has at all times occupied the same as trustee for them and for their benefit. Therefore the statute of limitations has not begun to run as against the children now living of Catherine Beezley, nor against the estate of Lydia Beatrice Giovani, deceased child, or her heir, Merilee Giovani.

■ In addition to the guardianship relation, appellants contend that interpleader-defendant Beatrice Frazier Sorsby, appellee, was a co-owner and stepmother of the minors involved and was the executrix of the estate of their father, the probate of which necessitated the handling of their portion, and thus a trust relation existed and has continued to exist to this date between appellee and them. We heartily agree with this contention. The evidence is undisputed that the estate of C. J. Beezley, filed for probate in June, 1927, is still pending. Appellee admitted upon the witness stand that said estate was still pending, and that the records in that case show that his minor children were the owners of an undivided one-half interest therein. The testimony of appellee relating to this matter follows:

"Q (by Mr. Pintek) Now, Mrs. Sorsby, you then qualified as the executrix of the estate of Calvin James Beezley, have you not? A Well, I don't think so, Mr. Pintek. You see, there was just a will left, that is the only thing I know.

"Q Mrs. Sorsby, I am going to read to you now a portion of the record as it appears in the Superior Court. This being the transcript of the evidence in cause

number 2396, In the Matter of the Estate of Calvin James Beezley, deceased. I am referring to page 2 of that document, and ask you if this is your signature there, please? A Yes.

"Q Now. Mrs. Sorsby, at the time that this matter arose when you were petitioning the court to be appointed the executrix of the estate of Calvin James Beezley, deceased, who was your husband, you testified before the ocurt that the three children, who were the children of Mr. Beezley by his first wife, had a half interest in that house and lot in Bakerville. Now, was that correct? A Well, I don't know. My name is signed there, it must be.

"Q You at that time stated to the court that Mr. Beezley—I quote: 'He left three children by his first wife.' A Yes.

"Q At that time you acknowledged that Mr. Beezley, who was your deceased husband, had a one-half interest in that property, did you not? A Certainly he had a one-half interest in it. He had the property."

The records in this case conclusively show that C. J. Beezley and Catherine Beezley, his wife, acquired the property in question by purchase during coverture and was presumably community property. Beezley could only dispose of his undivided one-half interest therein by his will in favor of appellee. The other undivided one-half interest in said property by operation of law vested in their minor children upon his death. In view of the fiduciary relation existing between appellee and the children of her deceased husband, C. J. Beezley, appellee may not be permitted to repudiate the trust created thereby as long as said relation continues to exist.

We quote from Eckert v. Miller, 57 Ariz. 94, 111 P.2d 60, 61, a case where action was brought by R. L. Miller against Olive Wheeler and Albert J. Storch, co-partners, and Joseph Eckert, to have the defendants declared trustees ex maleficio of a tax title:

"The complaint alleges, in substance, that said tax title was procured by defendants Wheeler and Storch in violation of the fiduciary relation existing between landlord and tenant, and through wrongful refusal to pay plaintiff his rent, with which he would have been able to redeem his property from a tax sale before it was deeded to defendants; that defendant Joseph Eckert, an employee of the Bank of Arizona, bought the certificate of purchase from the state and procured a tax title from the county treasurer in his name through an arrangement by Storch with the bank, and that he was merely a dummy of Storch.

\* \* \* \* \* \*

"We think the facts disclose that Eckert was ex maleficio trustee of the title to said property, for the use and benefit of the plaintiff. In MacRae v. MacRae, 37 Ariz. 307, 294 P. 280, 282, is this definition of a constructive trust: 'A construc-

tive trust is one which does not arise by agreement or from the intention of the parties, but by operation of law, and fraud, actual or constructive, is an essential element thereto. Actual fraud is not always necessary, but such a trust will arise whenever the circumstances under which the property was acquired make it inequitable that it should be retained by the one who holds the legal title. These trusts are also known as trusts ex maleficio or trusts ex delicto. Their form and varieties are practically without limit, as they are raised by courts of equity whenever it becomes necessary under the particular circumstances of the case to prevent a failure of justice, but the element of fraud, either actual or implied, must always be present.'

"Pomeroy, in his work on Equity Jurisprudence, 3d Ed., Volume 3, section 1053, says: 'In general, whenever the legal title to property, real or personal, has been obtained through actual fraud, misrepresentations, concealments, or through undue influence, duress, taking advantage of one's weakness or necessities, or through any other similar means or under any other similar circumstances which render it unconscientious for the holder of the legal title to retain and enjoy the beneficial interest, equity impresses a constructive trust on the property thus acquired in favor of the one who is truly and equitably entitled to the same, although he may never perhaps have had any legal estate therein; and a court of equity has jurisdiction to reach the property either in the hands of the original wrong-doer, or in the hands of any subsequent holder, until a purchaser of it in good faith and without notice acquires a higher right, and takes the property relieved from the trust. The forms and varieties of these trusts, which are termed ex maleficio or ex delicto, are practically without limit. The principle is applied wherever it is necessary for the obtaining of complete justice, although the law may also give the remedy of damages against the wrong-doer.' "

A trustee cannot take advantage of the statute of limitations as against his beneficiary. In support of the foregoing we cite Valley National Bank of Phœnix v. Battles, 62 Ariz. 204, 156 P.2d 244, 248, a case where Francis J. Battles, administrator of the estate of Asa Battles, deceased, brought an action against the Valley National Bank of Phœnix, executor of the estate of Hester A. Battles, to have certain lands declared to be community property, and asked for an accounting by the bank. After the husband's death and the wife was appointed administratrix, it was shown that she was not holding the property by adverse possession as claimed, but because of her community interest, having failed to probate the husband's estate during her lifetime. She occupied a position of trust in respect to the property, and her possession was the possession of her son. The bank could not take advantage of her wrong by claiming that action for an accounting

of her husband's estate was barred by the statute of limitations. This court said in that case:

"Hester A. Battles was entitled to probate the estate of her husband. She had the first right as the wife of deceased. She contributed to the delay in probating his estate and she cannot take advantage of her wrong doing by claiming that the action was barred by the statute of limitations."

We also cite the following: 14 Am.Jur., Cotenancy, sections 53 and 54; Torrez v. Brady, 37 N.M. 105, 19 P.2d 183; 51 Am. Jur., Taxation, section 1054; 1 Am.Jur., Adverse Possession, section 54; Beitz v. Buendiger, 144 Minn. 52, 174 N.W. 440; Gillaspie v. Murray, 27 Tex.Civ.App. 580, 66 S.W. 252; In re Bogg's Estate, 19 Cal. 2d 324, 121 P.2d 678; In re Jurgensmeier's Estate, 142 Neb. 188, 5 N.W.2d 233.

The possession of interpleader Sorsby was possession of and for the children, the heirs of the estate, for she has, at all times since her appointment as the executrix of the estate of her deceased husband Beezley, been in charge of the property for the heirs of the estate.

The transfer of this property by interpleader Sorsby to her husband (Frazier) and his deeding it back to her about the time of their divorce does not indicate a just method of acquiring this property. 3 Bogert on Trusts and Trustees, § 484.

An undivided one half of the property involved, including improvements, is and has at all times herein been the property of appellants.

Judgment reversed with directions that judgment be entered establishing the estate of appellants and decreeing an undivided one-half interest to said property to be vested in appellants, and that further proceedings, if any, relating to an accounting and damages be in accordance herewith. Appellants shall have their costs on appeal and in the trial court.

LaPRADE, C. J., and UDALL, PHELPS, and DE CONCINI, JJ., concur.