823 P.2d 689

**Frank WARREN and Joanne Warren, his wife, dba Warren Properties, Plaintiffs/Appellants,**

v.

**WHITEHALL INCOME FUND 86, Defendant/Appellee.**

**No. 2 CA–CV 90–0297.**

Court of Appeals of Arizona, Division 2, Department B.

May 30, 1991.

Reconsideration Denied July 3, 1991.

Review Withdrawn, Motion to Depublish Denied Jan. 21, 1992.*

---

* Corcoran, J., of the Supreme Court, recused himself and did not participate in the determination of this matter.

Lesher & Borodkin, P.C. by Robert O. Lesher, Tucson, for plaintiffs/appellants.

Squire, Sanders & Dempsey by Dennis I. Wilenchik and Mark D. Zuckerman, Phoenix, for defendant/appellee.

OPINION

HOWARD, Presiding Judge.

This is an appeal from the granting of summary judgment against appellants in an action to renew a judgment and compel appellees to convey the property to appel-

lants. The basic issue in this case is whether appellee Whitehall Income Fund 86 (Whitehall) was holding the land for appellants as a constructive trustee and if so, whether Whitehall could acquire the land in derogation of the rights of its beneficiaries.

The record shows that on April 15, 1971, the Brockbanks and others agreed to buy from Beatrice P. Padilla the property of which the subject property is a part. At that time LeRoy Brockbank was the secretary and director of Thermo–Kinetic Corporation (Thermo–Kinetic). On April 21, 1971, the Brockbanks entered into an agreement with the brokers involved in the sale in which the Brockbanks, among other things, acknowledged that Frank P. Warren or Warren Properties, Inc., may assert some claim against them in connection with the property.

Padilla deeded the property to the purchasers on May 3, 1971. On May 5, 1971, the property was deeded to Thermo–Kinetic, but the deed was not recorded until August 2, 1971.[1]

On July 9, 1971, appellants (Warrens) filed an action to impose a constructive trust on the real estate contending that the defendants, including the Brockbanks, had defrauded them and held the title in constructive trust. They also filed a notice of lis pendens.

After an appeal from a partial summary judgment in the July 1971 action and after numerous postponements and trial continuances by the parties, the Warrens filed a motion for summary judgment in 1982 which was unopposed and decided in December 1983 in their favor. This 1983 judgment imposed a constructive trust on the property, decreed that the Warrens were the rightful owners and ordered the defendants and their assignees to convey the property to the Warrens upon the Warrens' tender to them of the sum of $8,000 per acre. This judgment was recorded on December 29, 1986, but before that date Thermo–Kinetic sold a portion of the prop-

erty to the Tanque Verde/Kolb Self Storage General Partnership which developed the property by constructing a self-storage warehouse on it. On March 30, 1987, the property was sold to Whitehall. In November 1988 this action was filed. Both parties moved for summary judgment. The Warrens contended, inter alia, that Thermo–Kinetic, through its director and secretary Brockbank, had actual knowledge of their claim to the property. Documentary evidence attached to their motion supported this contention which was never disputed by Thermo–Kinetic in its opposition to the motion. Moreover, in one document attached to Warren's motion and signed by Thermo–Kinetic, the purchasers from Padilla and Thermo–Kinetic agreed to hold the escrow agent escrowing the sale to Thermo–Kinetic harmless from Warren's claim. However, the trial court denied Warren's motion and granted Thermo–Kinetic's, ruling:

(2) An action to renew a judgment cannot by itself be used to enforce substantive rights against a non-party to the judgment and the Plaintiffs were required to bring a proper quiet title action.

(3) Plaintiffs' claims are barred by ARS Section 12–523.

## I.

▌ Two types of notice exist in this case, actual and constructive. It is undisputed and the record shows that Thermo–Kinetic had actual notice of Warren's claim to the property before it was even deeded to it. Constructive notice and actual notice have the same effect and when the purchaser of land has notice of a prior claim to the land, he takes it subject to that claim. *Neal v. Hunt,* 112 Ariz. 307, 541 P.2d 559 (1975). Such person is not a bona fide purchaser. See *U.S. Fiduciary Corp. v. Loma Vista Associates,* 138 Ariz. 464, 675 P.2d 724 (App.1983). Thermo–Kinetic was not a bona fide purchaser and stood in the

---

1. Thermo–Kinetic in turn made several conveyances to other persons who were initially defendants in this case but all defendants have set-

tled, or have been dismissed, leaving only Whitehall.

same position as those from whom it purchased.

■■■ We next consider the general effect of the filing of the lis pendens and the effect of the 1983 judgment. A.R.S. § 12–1191 permits the filing of a lis pendens in an action affecting title to real property as was the case here. The lis pendens gives notice of the pending litigation and whoever purchases or acquires an interest in the property involved in the litigation stands in the same position as the vendor and is charged with notice of the rights of the vendor and takes the property subject to whatever valid judgment may be rendered in the litigation. *Mammoth Cave Production Credit Association v. Gross,* 141 Ariz. 389, 687 P.2d 397 (App.1984). The property is held in custodia legis and a lis pendens prevents third persons from acquiring an interest in the property during the litigation which would prevent the court from granting suitable relief or such as would vitiate a judgment subsequently rendered in the litigation. *Id.*

The judgment bound all persons who subsequently succeeded to the defendants' interest in the land. *England v. Ally Ong Hing,* 105 Ariz. 65, 459 P.2d 498 (1969); Restatement (Second) of Judgments § 43 (1982). Thus, there were no bona fide purchasers here. Having purchased the land after the judgment was recorded, Whitehall had notice of the judgment and took the land subject to it. *England v. Ally Ong Hing,* supra; Restatement (Second) of Judgments § 43, supra.

## II.

■■■ We next consider the legal relationship between Whitehall and the Warrens which will enable us to determine the validity of the trial court's decision and most of Whitehall's contentions. The 1983 judgment determined that the defendants were constructive trustees. This meant that Thermo–Kinetic was a constructive trustee because a trustee can pass no greater title than he possesses. *Woodbery*

**2.** This statute provides that an action to recover real property from a person in peaceable and adverse possession under color of title must be

*v. Atlas Realty Co.,* 148 Ga. 712, 98 S.E. 472 (1919); *Ross v. Ross,* 256 Iowa 326, 126 N.W.2d 369 (1964). In the case of a constructive trust a court of equity has jurisdiction to reach the property either in the hands of the original wrongdoer or in the hands of any subsequent holder until a purchaser of it in good faith and without notice acquires a higher right and takes the property relieved from the trust. *Giovani v. Rescorla,* 69 Ariz. 20, 207 P.2d 1124 (1949).

Each person who took from Thermo–Kinetic and its successors-in-interest became a constructive trustee, having the duties with regard to the land which the defendants had in the 1983 judgment, to wit, the obligation to deed the land to the Warrens upon tender of the $8,000 per acre.

## III.

■■■ Having determined that Whitehall was a constructive trustee, we can easily dispose of any claim that this action was barred by A.R.S. § 12–523.[2] The law is clear in Arizona that a trustee cannot take advantage of the statute of limitations. *Giovani v. Rescorla,* supra. Nor can the constructive trustee, as Whitehall contends, be allowed to repudiate the trust and claim the land by adverse possession after a judgment declaring a constructive trust. Cf. *Giovani v. Rescorla,* supra.

## IV.

Because Whitehall was a constructive trustee and could not, under the facts of this case, hold the land adversely to the Warrens, A.R.S. § 12–523 is not applicable; an action to enforce the judgment requiring Whitehall, who stepped into the shoes of the defendants in the 1983 action, to comply with the judgment by conveying the land upon the payment of $8,000 per acre, was a proper vehicle to obtain relief.

commenced within three years after the cause of action accrues.

## V.

Whitehall contends that, in any event, there are factual issues which preclude summary judgment in favor of the Warrens. A motion for summary judgment should be granted if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense. *Orme School v. Reeves,* 166 Ariz. 301, 802 P.2d 1000 (1990).

With this law in mind, we address Whitehall's contention that factual disputes exist as to whether there was a compromise and settlement, whether the Warrens committed fraud in obtaining a judgment and whether the doctrine of laches applies.

There is evidence in the record which shows that in 1981 the attorneys for Thermo–Kinetic and the Warrens agreed that the Warrens could take a constructive trust judgment on the property but limit their recovery from the title company to $25,000.[3] The record also shows that the judgment that was entered was limited to the imposition of a constructive trust with the concurrent obligation of the Warrens to pay $8,000 per acre. These facts do not show a compromise and settlement which would preclude the pursuing of a claim against Whitehall.

As for the alleged fraud committed by the Warrens in obtaining a judgment, there are no facts in the record supporting such a contention.

Whitehall's last argument is that this action should be barred by the doctrine of laches because the Warrens took too long to prosecute their case (from 1971 to 1983) and because they took too long to record the judgment. We do not believe this novel argument can be used to defeat the doctrine of lis pendens. Everyone here had notice that there was a disputed claim affecting the title of this land and took subject to the claim. Even though the 1983 judgment was not recorded until 1986, the lis pendens had been recorded and put any potential buyer on notice that if he wanted to purchase the property he should inquire as to the status of the case.

The judgment is reversed and the case is remanded to the trial court which is ordered to enter judgment in favor of appellants and against appellees.

FERNANDEZ, C.J., and LIVERMORE, J., concur.

---

3. Apparently Stewart Title had been induced by Thermo–Kinetic to insure the title and Thermo– Kinetic wanted to limit any amount that Stewart Title could recover against it.