### GUTHRIE v. GOSSETT, Banking Com'r, et al.

### No. 2029.

Court of Civil Appeals of Texas. Eastland.
June 28, 1940.

Rehearing Denied July 19, 1940.

Scarborough & Ely, of Abilene, Texas, for appellant.

Wagstaff, Harwell, Douthit & Alvis, of Abilene, and Harrell & Bowers, of Breckenridge, for appellees.

LESLIE, Chief Justice.

C. W. Guthrie instituted this suit against the Farmers State Bank in Merkel and Jack B. Robert to recover an undivided 7/16ths interest in an oil and gas lease on 14 acres of land in Jones County. After suit was filed the bank became insolvent and its assets were placed in the hands of Z. Gossett, Banking Commissioner, who was substituted for the bank.

Robert and Gossett each answered by general demurrer, general denial, and pleas of not guilty, and Robert further alleged he was an innocent purchaser of the property, etc. The parties will be referred to as in the trial court.

The petition first stated a suit in trespass to try title and thereafter specially alleged in detail the nature and origin of plaintiff's rights in the leasehold.

The plaintiff's specific allegations state in substance his acquisition by written lease of the property from R. N. Campbell, lessor; that September 12, 1934, he executed the deed of trust on the same to R. M. Wagstaff, trustee, to secure the payment to said bank of a demand note in the sum of $1,800; that December, 1937, the cashier of the bank wrote him a letter demanding that he pay the note and stating that if he did not do so the bank would proceed to foreclose its deed of trust lien; that in response to the letter, he, Guthrie, called at the Merkel bank and discussed the indebtedness and the cashier of same informed him that although the indebtedness was past due it was amply secured and that he, Guthrie, might disregard the letter. That the bank then agreed with him that the property would not be sold under the deed of trust until further notice was given him.

That thereafter, without additional notice, and without allowing him an opportunity to pay off the balance of the note then due, the bank requested the trustee to advertise and sell the property; that acting upon such request the trustee advertised the property for sale and sold the same April 5, 1938 at public auction to the said bank which later conveyed same to defendant Jack B. Robert; that this sale to the bank was void (1) because the debt originally secured had been fully paid, and (2) the bank's agreement to give further notice of said sale had been violated by the bank, thereby rendering the conveyance void, even though plaintiff was mistaken as to the indebtedness having been fully paid at the time of notice and sale.

Plaintiff further alleged that at the date of sale the property was worth from $5,000 to $10,000 and that if anything was due upon the debt it was only a few hundred dollars. That the property was sold for a grossly inadequate amount.

In connection with the first allegations in trespass to try title, the plaintiff presented the formal allegation that the defendants took control of said property on April 5, 1938, and were withholding the same from his possession "to his damage in the sum of $7,000, for which he here sues."

Following the remainder of the petition stating in detail the nature of the plaintiff's cause of action, plaintiff prays as follows: "Wherefore, premises considered, plaintiff prays the court that the said sale and the deed thereunder by the said trustee be set aside, canceled, and held for naught as a cloud on plaintiff's title to said oil and gas lease, and that defendants be required to account to plaintiff for the income received under said oil and gas lease since the date of said deed of trust and the pledge of said oil runs, and that plaintiff recover judgment for the title and possession of said 7/16ths interest in said oil and gas lease, and for such other and further relief, at law and in equity, to which he may be entitled."

The case was tried before the court and jury, and upon three special issues submitted, the jury found (1) that the cashier of the bank told (promised) Guthrie that before proceedings were begun to foreclose the deed of trust, he (Guthrie) would be

further notified; (2) that Guthrie relied upon the statement as made, and (3) that the market value of Guthrie's 7/16ths interest in the leasehold on April 5, 1938 (date of sale) was $3,500. Guthrie admitted upon the trial that on date of sale an unpaid balance of $1,136.70 was due on the note.

The trial court rendered judgment refusing cancellation of the conveyances and denying plaintiff any relief against Robert, but judgment was rendered in favor of the plaintiff against the banking commissioner for the sum of $2,363.60, the difference between what the jury found the value of the property to be on April 5, 1938, and the appellant's admitted unpaid balance.

Guthrie appeals from the judgment denying him cancellation of the deeds in question, and the banking commissioner appeals from the money judgment in favor of Guthrie.

We first consider the assignments addressed to that portion of the judgment denying the plaintiff any relief as against Jack B. Robert who later purchased the property from the bank. The appellant's first proposition is that the sale by the trustee passed no title because the bank violated its promise and agreement to notify the appellant before beginning any foreclosure proceedings, and that since the appellant relied upon said promise to his injury, the trustee's sale passed no title. The second proposition is, in substance, that since the bank acquired no title, having caused the sale and bid in the property in violation of said agreement, the appellee Robert was put on notice of all the infirmities in the bank's title, and, in any event, was charged with notice of any infirmity in the trustee's sale because of a recital in the deed, namely: " * * * and being the same property and only the same property conveyed to the grantor herein by the trustee's deed from R. M. Wagstaff, trustee, to the Farmers State Bank in Merkel, dated April 5, 1938 * * *."

There is no merit in the contention that the debt had been paid off when the trustee advertised and sold the property. The appellant agreed upon the trial that there was an unpaid balance of $1,136.70.

The record discloses that the holder of the note made proper request of the trustee to advertise and sell the property. It shows (by agreement of the parties) the trustee in making the sale complied with all the terms and conditions of the deed of trust which was itself in the usual and customary form.

We are of the opinion that the above and other undisputed facts conclusively show that the effect of the trustee's sale was to place the legal title to the leasehold in the purchasing bank. On proper allegations and proof of the oral promise or agreement, its violation, etc., doubtless the sale could have been set aside and the deed canceled by the mortgagor so long as the title remained in the mortgagee bank. Nevertheless, if the title thereafter passed from the bank to a bona fide purchaser for value without notice, such conveyance could not be set aside on account of such alleged promise or fraud, if any. John Hancock Mut. Life Ins. Co. v. Howard, Tex.Civ. App., 85 S.W.2d 986 (4–6); Ward v. Scarborough, Tex.Com.App., 236 S.W. 434, 440; Schneider v. Sellers, 98 Tex. 380, 84 S.W. 417; Silverman v. Landrum, 19 Tex.Civ. App. 402, 47 S.W. 404.

Evidently the purchaser at such trustee's sale, although made in violation of a parol agreement to extend the time of payment, etc., acquires such title as will support the plea of subsequent innocent purchaser. The inquiry now is, Was appellee Jack B. Robert an innocent purchaser within the meaning of that term? Houston Oil Co. v. Hayden et al., 104 Tex. 175, 135 S.W. 1149. The trustee's deed recites default in the payment of the note, the request by the holder of the note to the trustee to sell the property, the giving of notice, sale, description of the land and full compliance with the terms thereof. The deed was executed, promptly filed and recorded in the deed records of Jones County. Said Robert purchased the property from the bank on August 26, 1938, paid a valuable consideration therefor, without any notice of the bank's promise to Guthrie to extend the time of payment of the note. From the standpoint of Robert, and in all the above respects the transaction was regular and in good faith, unless he is to be charged with notice of some infirmity in the transaction or title to the property by reason of the alleged quit claim nature of the deed from the bank to him. After a careful study of the contents of this deed, it is our opinion that Robert is entitled to the protection accorded a bona fide purchaser for value without notice. In our opinion, the deed is not to be construed as a mere quit claim deed. The test by which

to determine the nature of such instrument is well stated in 66 C.J. 1101, as follows: "Whether the conveyance is a quit claim or not is dependent upon the intent of the parties to it, as that intent appears from the language of the instrument itself. If the deed purports and is intended to convey only the right, title and interest in the land, as distinguished from the land itself, it comes within the strict sense of a quit claim deed and will not sustain the defense of innocent purchaser. *If it appears that it was the intention to convey the land itself, then it is not such quit claim deed, although it may possess characteristics peculiar to such deeds and the purchaser is entitled to the protection of a bona fide purchaser.*" (Italics ours.)

■ The bank's deed to Robert contains a granting clause reciting: "have granted, sold and conveyed * * * all that certain property described as follows: an undivided 7/16ths interest in the leasehold." The habendum clause recites: "To have and to hold the above described premises together with all and singular the rights and appurtenances thereto in any wise belonging unto the said Jack B. Robert, his heirs and assigns forever; audit does hereby bind itself, its successors * * * to warrant and forever defend all and singular the said premises unto the said Jack B. Robert, his heirs and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof by and through or under it."

In the light of the foregoing excerpts and the contents generally of the deed, we are of the opinion that the expression found in the deed, namely, "and being the same property and only the same property conveyed to the grantor herein by trustee's deed from R. M. Wagstaff, trustee" does not have the effect, as contended by appellant, to make the deed to Robert a mere quit claim deed. It merely described or identified the land conveyed.

The stipulation is not a limitation on the conveyance to merely such title as the bank held, but was intended to emphasize that the bank's full interest in the land was granted, as held by the Supreme Court in Nichols v. Schmittou, 107 Tex. 54, 174 S.W. 283, 284, construing a similar deed. In that opinion it is also said: "A deed which purports to convey the full interest of the grantor in the land described is plainly distinguishable from a mere grant of a title, *whatever it may be.*" (Italics ours.) Oth-

er authorities in point on the construction we give the deed are Garrett v. Christopher, 74 Tex. 453, 12 S.W. 67, 15 Am.St.Rep. 850; McCreary v. Reliance Lumber Co., 16 Tex.Civ.App. 45, 41 S.W. 485, writ refused; Benton Land Co. v. Jopling, Tex. Com.App., 300 S.W. 28; Cook v. Smith, 107 Tex. 119, 174 S.W. 1094, 3 A.L.R. 940; Silverman v. Landrum, 19 Tex.Civ.App. 402, 47 S.W. 404; Leal v. Leal, Tex.Com. App., 14 S.W.2d 797.

From what has been said it follows that the judgment as to Robert is correct.

We now notice the assignments addressed by the banking commissioner, Gossett, to the money judgment against him in favor of Guthrie. Attention has been called to the plaintiff's trial pleading (paragraph II) being trespass to try title in the usual form followed by paragraphs specially alleging the origin and nature of plaintiff's right or claim to the property and admitting that he mortgaged the same to secure a debt, much of which remained unpaid at the time of the trustee's sale, etc. The allegations pertaining to damages have been set out and must now be borne in mind.

■ We have given much consideration to this record with a view of ascertaining clearly the theory upon which the money judgment was rendered in favor of Guthrie. If that judgment is to be sustained upon the theory that the bank promised and agreed not to foreclose its lien through trustee's sale without giving further notice, then it would appear quite certain that the basis for such judgment is the fraudulent promise referred to and violated as alleged. There is not an allegation in the pleading that at the time the promise was made the bank then had no intention of fulfilling or complying with the same. The mind and intention of the parties in this respect at that time was a material fact. As said in King v. Wise, Tex.Com.App., 282 S.W. 570, 571, 573, "The mere fact of failure or refusal to perform the oral agreement is not sufficient to raise the issue of fraud * * *." Citing the well known authority Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S.W. 472, 31 Am.St. Rep. 39. As said in 20 Tex.Jur. p. 33, sec. 16, "In order for a promise to constitute fraud it is necessary that it should have been made with the intent at the time that it would not be performed, and with the intention, design and purpose of deceiving." The text cites many leading authorities in support of this proposition. The pleadings

in the respects noted are believed to be insufficient basis for the money judgment. See 20 Tex.Jur. p. 162, sec. 110 et seq.

Aside from any lack of allegations of the element of a fraud case, as just discussed, we do not find any allegations in the petition for special damages predicated on the violation of the oral promise to indefinitely postpone the payment of the note. The pleadings are insufficient to form the basis of recovery on any such theory. Facts not alleged, although proved, cannot form the basis of a judgment and the converse is true. Brewton v. Butler, Tex.Civ.App., 12 S.W.2d 228, and Benson v. Ashford, Tex.Civ.App., 189 S.W. 1093. The rule employed is stated and applied in Bailey v. Mann et al., Tex.Com.App., 248 S.W. 469; Kenney v. Bailey, Tex.Civ.App., 27 S.W.2d 254; Broussard v. Mayumi et al., Tex.Civ.App., 144 S.W. 320. Upon these considerations the money judgment in favor of the plaintiff was erroneously granted.

We have endeavored to meet all the issues presented by this record, giving it a liberal construction, but we are much constrained to view Guthrie's theory of recovery as being one strictly in trespass to try title without any purpose to recover the difference between the value of the land and the unpaid balance on the note at the date of sale. This thought is due not only to the required construction of the pleadings, as we view them, but to the plaintiff's interpretation thereof as indicated in his brief by the following statement: "Of course, this suit was essentially a trespass to try title suit." Any such understanding of the pleadings would naturally minimize or disregard any elements of damage. The thought just expressed is also consistent with what we discover in following the trial through the pleadings and testimony. In the statement of facts Guthrie's attorney stated to the trial court "Our position is, your honors, that he (Roberts) cannot be an innocent purchaser of property sold at trustee's sale." In line with that theory, the appellant states in the concluding paragraph of his reply brief, "We think that under the law of Texas no purchaser under a deed of trust sale, or with a deed of trust sale in the chain of his title, can be an innocent purchaser, and therefore this judgment should be reversed and rendered *as against Robert.*" (Italics ours.) In the light of this record, we overrule such contentions and any propositions based thereon.

For the reasons assigned, the judgment of the trial court as to Robert is affirmed, and the judgment in favor of Guthrie against Gossett, banking commissioner, is reversed and the cause remanded. Williams v. Safety Cas. Co., 129 Tex. 184, 102 S.W.2d 178. The judgment is affirmed in all other respects.